# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DALAN SCOTT ZYDEL
185 Crisswell Road
Butler, PA 16002,

      Plaintiff,

      vs.

UNITED STATES OF AMERICA,
By and through the following:

US Department of Veteran's Affairs
Attn: Mr. Robert A. McDonald
810 Vermont Ave NW
Washington, DC, US 20420

US Department of Justice
Attn: Ms. Loretta E. Lynch, US Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

US Attorney's Office
Attn: Mr. Channing D. Phillips, US Attorney
555 4th Street, NW
Washington, DC 20530

US Department of Defense
Attn: Mr. Ashton B. Carter
1400 Defense Pentagon
Washington, DC 20301-1400

      Defendant.

---

Plaintiff Dalan Scott Zydel, by and through his undersigned attorneys, for his complaint herein, alleges as follows:

## I. INTRODUCTION

1. This is an action for judicial review of an improper administrative denial of disability benefits by the United States Army to Plaintiff under the terms of the Servicemembers Group Life Insurance Traumatic Injury Protection Program (hereafter "TSGLI").

## II. JURISDICTION

2. Jurisdiction in this action is predicated upon 38 USC § 1975, as well as under the terms of the TSGLI program, as any member who receives an adverse TSGLI decision may obtain judicial review in any United States District Court of competent jurisdiction.

## III. VENUE

3. Venue for this action is predicated upon a denial of TSGLI benefits to Plaintiff by the United States Department of the Army. The Department of the Army is one of the three Military Departments within the Department of Defense of the United States of America, an executive branch department of the federal government of the United States, under the control of the President of the United States of America as a part of the executive branch of the federal government, which is seated in the District of Columbia.

## IV. FACTUAL ALLEGATIONS

4. All allegations contained in the previous paragraphs are incorporated herein by reference.

5. The Servicemembers' Group Life Insurance Traumatic Injury Protection Program, also known as TSGLI, is a rider to the SGLI policy that provides a payment to service members injured as a result of a traumatic event.

6. TSGLI coverage was added to SGLI policies effective December 1, 2005. After December 1, 2005, all service members covered by SGLI are eligible for TSGLI coverage, regardless of where their qualifying traumatic injury occurred.

7. In addition, a retroactive program covers service members who sustained a qualifying traumatic injury while supporting Operation Enduring Freedom (OEF), Operation Iraqi Freedom (OIF), or while on orders in a Combat Zone Tax Exclusion (CTZE) area from October 7, 2001 through November 30, 2005.

8. For service members who suffer a qualifying loss as a result of a traumatic injury event, the Defendant will pay between $25,000 and $100,000, depending on the nature and severity of the qualifying loss.

9. The benefit is paid to the member, someone acting on the member's behalf if the member is incompetent, or the member's SGLI beneficiary if the member is deceased.

10. All service members covered under SGLI who experienced a traumatic event that directly results in a traumatic injury causing a scheduled loss defined under the program are eligible for a TSGLI payment.

11. Losses must meet a TSGLI standard in order to be eligible for a benefit payment. There are nine categories of losses covered as follows:

   1) Sensory losses

   2) Burns

   3) Paralysis

   4) Amputation

   5) Limb Salvage

   6) Facial Reconstruction

7) Activities of Daily Living (ADL)

8) Inpatient Hospitalization

9) Coma/Traumatic Brain Injury combined with another injury

12. If a service member submits an application for benefits, a medical professional must sign a Part B form to certify the medical information being provided. In so doing, a medical professional certifies that the applicant meets one or more of the TSGLI criteria stated above.

13. Additionally, a service member may furnish other documentary evidence in support of their claim, including medical records, reports, and written statements of caregivers who assisted the service member during the recovery from their injuries.

14. TSGLI claims are to be awarded when the preponderance of evidence supports the service member's claim.

### a. **Plaintiff's Traumatic Injury and TSGLI Claim**

15. All allegations contained in the previous paragraphs are incorporated herein by reference.

16. At all times pertinent hereto, Plaintiff was eligible for TSGLI benefits through his status as a service member of the United States Army.

17. Plaintiff sustained serious traumatic injuries in Virginia, on active duty on July 20, 2012, when a mortar misfired while he was hanging mortar rounds.

18. As a result of his combat injuries, Plaintiff sustained a partial amputation of his index and middle finger and open wounds to his ring and small fingers on his right dominant hand. Plaintiff required surgical repair to address. As a result of his injuries, Plaintiff was reasonably prevented from safely performing several activities of daily living (ADLs) including

bathing and dressing between October 19, 2011 and July 2, 2012 **(135 days)**. During that time period Plaintiff received physical assistance from his mother, who took a leave of absence to help Plaintiff, and who provided an affidavit in support of Plaintiff's claim, which was provided to Defendant during the claim consideration process, but which was ignored by Defendant.

### b. Certification by a Medical Professional

19. All allegations contained in the previous paragraphs are incorporated herein by reference.

20. In Plaintiff's case, two medical professionals, Dr. Alex Spiess (Plaintiff's treating hand surgeon) and Dr. Dennis Hopkins, certified Plaintiff's individual claim for an inability to independently perform ADLs of bathing and dressing during his recovery from July 20, 2012 to December 1, 2012 – a period of over 120 days – through a signed Part B form, qualifying Plaintiff for TSGLI benefits for a 120 day ADL loss.

21. On an unknown date in 2012, Plaintiff submitted his application for TSGLI benefits, including the signed Part B form provided by Dr. Alex Spiess, and other pertinent medical and documentary evidence. Plaintiff submitted a revised application for TSGLI benefits, including the signed Part B form provided by Dr. Dennis Hopkins on or about January 14, 2014.

### c. Caregiver Statement of Pamela Zydel

22. All allegations contained in the previous paragraphs are incorporated herein by reference.

23. In addition to the other information supplied to Defendant during the Plaintiff's application for TSGLI benefits and during the appeal process, Plaintiff provided a caregiver statement of Ms. Pamela Zydel, Plaintiff's mother, which outlined the physical assistance

Plaintiff needed following his traumatic injury. Ms. Zydel, herself, provided that assistance to Plaintiff during the period of time between July 20, 2012 and December 1, 2012 (**134 days**) as he recovered from his traumatic injuries. Rather than addressing this additional evidence supportive of Plaintiff's claim, Defendant ignored Ms. Zydel's caregiver statement and denied Plaintiff's claim.

### d.  Denial of Claim and Exhaustion of Administrative Appeals

24.  All allegations contained in the previous paragraphs are incorporated herein by reference.

25.  Plaintiff has received three separate denials of his TSGLI claim by Defendant during the application and years-long administrative agency review process.

26.  In a letter from Defendant dated February 13, 2013 in response to Plaintiff's application for TSGLI benefits, Plaintiff's claim was denied on the basis that, "Your claim for hospitalization was not approved because the medical documentation that you provided did not indicate your loss met the TSGLI standard. Under TSGLI, hospitalization is defined as an inpatient hospital stay, which lasts for 15 more consecutive days in a hospital or series of hospitals that is accredited as a Hospital Accreditation Program of the Joint Commission on Accreditation of Healthcare Organizations."

27.  Plaintiff appealed the denial, and his claim was again denied in a letter from Defendant dated April 7, 2014, indicating that, "The documentation provided for your event which took place on 20 July 2012, in Virginia did not indicate that you met the TSGLI standards for loss of Activities of Daily Living (ADLs). The medical documentation you submitted did not indicate that your hand injury rendered you incapable of performing the ADLs of bathing, dressing or eating that are covered by TSGLI standards for 30 consecutive days or greater. Per

the medical documentation provided on 9 August 2012, Dr. Spiess states, 'near full flexion of the ring and small finger.' Notes further show significant range of motion to complete the ADLs of bathing and eating. There is no mention of ADL deficits in the documentation provided."

28. Plaintiff appealed the denial, and his claim was again denied in a letter from Defendant dated September 8, 2015, indicating that, "The notes from Specialist Zydel and his mother were considered in this determination; however, the fact that his mother provided assistance is not the standard for payment for benefits. The standard is that the assistance must have been rendered because without such assistance the Soldier could not have performed activities of daily living in even a modified independent manner. Neither the nature of the wound nor the objective evidence presented in the medical records is consistent with that level of impairment. According the program guidelines, 'if the patient is able to perform the activity by using accommodating equipment (such as a cane, walker, commode, etc.) or adaptive behavior, the patient is considered able to independently perform the activity.' Specialist Zydel's medical documentation provide with this claim does not indicate nor suggest that his injury rendered him incapable of utilizing adaptive behavior or accommodating equipment to perform activities of daily living in at least a modified independent manner prior to the 30 day milestone. Therefore, for the reasons cited above, we are unable to award payment for loss of activities of daily living from other traumatic injury."

29. Based on Defendant's ignorance of the preponderance of the evidence in this case and denying his claim, he is initiating this lawsuit as afforded pursuant to 38 CFR 9.20 (h)(2)(i)(3).

30. Defendant has standardized its claim denial practices in a manner that is arbitrary, capricious, unsupported by its own guidelines, and contrary to law.

31. Further, in this case Defendant's denial of Plaintiff's claim runs contrary to the preponderance of the evidence, or is otherwise unsupported by substantial evidence.

32. Defendant has denied Plaintiff's claim for TSGLI benefits because, among other reasons, it claims, contrary to the evidence that Plaintiff's medical documentation does not indicate that the injury rendered Plaintiff incapable of performing ADLs pursuant to the TSGLI guidelines, in direct opposition to the opinion of a certifying medical professional who reviewed the same medical records. Defendant also ignored the caregiver statements which corroborated Plaintiff's ADL loss claim.

33. Defendant's consideration of the evidence was focused in favor or denying benefits. Its explanation of its position and denial of benefits is unsupported by the evidence and will not be remedied through "further consideration" by Defendant. Defendant's explanation for denying benefits in this case is not supported by the evidence.

34. Defendant failed to approve Plaintiff's claim for benefits even though the Plaintiff meets the contractual and legal criteria for a payment of TSGLI benefits of $100,000 for his inability to safely bathe and dress for a period of over 120 days without assistance.

35. Defendant violated the relevant statutes and its own guidelines by denying Plaintiff's claim, and did not reasonably or adequately advise Plaintiff of the bases for denial, including provision of loss codes.

36. Plaintiff has thereby suffered an unwarranted denial of TSGLI benefits by Defendant, which are due under the TSGLI program.

## CLAIMS FOR RELIEF

37.     All allegations contained in the previous paragraphs are incorporated herein by reference.

38.     Plaintiff herewith requests judicial review and reversal of Defendant's denial of his claim for TSGLI benefits, based, *inter alia*, upon Defendant's

a.  failure to pay benefits due and owing under the TSGLI program, as outlined elsewhere herein;

b.  failure to identify reasons for the denial of benefits under the applicable guidelines, including omission of loss codes and/or any other adequate basis for its decision; and

c.  inclusion of additional unauthorized criteria for TSGLI claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a.  an order overriding Defendant's wrongful denial of TSLGI benefits to Plaintiff, with remand and instruction to find consistent with the Court's order, outlining the benefit eligibility/entitlement of Plaintiff under the TSGLI program based on the evidence in the record, and to do so within a specified deadline so as to prevent unjust delay or timely compliance with the Court's order;

b.  an award of interest, costs and attorneys' fees as provided by statute;

c.  an award of attorneys' fees as provided by statute and code, including The Equal Access to Justice Act, 5 U.S.C. § 504; 28 U.S.C. §2412; and

d.  such other relief as the Court deems just and proper.

Dated: January 11, 2017

Respectfully submitted,

*[signature]*

Jake R. Jagdfeld (#MN0002)
(MN License #0388549)
Johnson Becker, PLLC
444 Cedar Street, Suite 1800
Saint Paul, MN 55101
jjagdfeld@johnsonbecker.com
Telephone: (612) 436-1810
Facsimile: (612) 436-1801

Attorneys for Plaintiff